UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
TRUSTEES OF THE LOCAL 522 PENSION
FUND & THE TRUSTEES OF THE LOCAL
522 WELFARE FUND OF NEW YORK &
NEW JERSEY,

        **NOT FOR PUBLICATION**

        **ORDER FOR ENTRY**
        **OF JUDGEMENT_____**
        12-CV-0163 (KAM)(LB)

        Plaintiffs,

      -against-

TRI-BORO & RESTAURANT SUPPLY CO.,
INC.,

        Defendant.
-----------------------------------X
**KIYO A. MATSUMOTO, United States District Judge:**

      Plaintiffs, the Trustees of the Local 522 Pension Fund

and the Trustees of the Local 522 Welfare Fund of New York and

New Jersey, commenced this action against Triboro Bar &

Restaurant Supply Co., Inc. ("Triboro" or "defendant") pursuant

to Sections 502 and 515 of the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and

Section 301 of the Labor Management Relations Act of 1947 (the

"Taft-Hartley Act"), 29 U.S.C. § 185, to recover certain unpaid

contributions due to the Local 522 Pension Fund and the Local

522 Welfare Fund of New York and New Jersey (collectively, the

"Funds"). (*See generally* ECF No. 1, Complaint filed 1/13/12

("Compl.").)  In addition, plaintiffs seek interest on those

unpaid contributions, liquidated damages, reasonable attorney's

fees, and costs. (*Id.* ¶ 24.)

Upon failure of defendant to appear, answer, or respond to the Complaint after receiving proper service of process, plaintiffs now move for (1) entry of default judgment; (2) unpaid contributions due to the Funds for the period of January 2012 through May 2012 in the amount of $3,935.00; (3) interest on those unpaid contributions in the amount of $78.60; and (4) liquidated damages in the amount of $787. (*See* ECF No. 6, Exh. 4, Plaintiffs' Statements of Damages for Judgment by Def. ("Pls.' Damages Statement").)  Plaintiffs also seek attorney's fees in the amount of $4,875 and litigation costs in the amount of $390. (*Id.*)  Defendant has failed to answer plaintiffs' Complaint and has not submitted any opposition to plaintiffs' motion for entry of default judgment, despite having received notice and an opportunity to do so. (*See* ECF Nos. 2 & 3, Affs. of Serv. of Summons and Compl. on Triboro; ECF No. 7, Cert. of Serv. of Pls.' Mot. for Def. Judgment.)

For the reasons set forth below, the court grants plaintiffs' motion for entry of default judgment against Triboro as to liability, denies plaintiffs' application for damages without prejudice, and defers consideration of plaintiffs' motion for attorney's fees and costs.

## BACKGROUND

I.   Facts[1]

The Funds, multiemployer welfare and pension benefit plans, are organized and operated in accordance with Section 302(c) of the Taft-Hartley Act. (*See* Compl. ¶ 4; ECF No. 6, Exh. 2, Aff. in Support of Pls.' Mot. for Def. Judgment ("Pls.' Aff.") at 58-93.)[2]  The Funds provide certain benefits to eligible employees by collecting monetary contributions from employers who enter into collective bargaining agreements with Teamsters Local 522 (the "Union"). (*See* Pls.' Aff. at 58-93.) The Union entered into one such collective bargaining agreement (the "CBA") with Triboro, a New York corporation.  (Compl. ¶¶ 5-6; *see* Pls.' Aff. at 23-56.)

Pursuant to the CBA, Triboro must remit monthly contributions to the Funds to provide certain pension and welfare benefits to Triboro employees covered by the CBA. (Compl. ¶¶ 7-8; *see also* Pls.' Aff. at 23.)  To facilitate the calculation of such monthly contributions, the CBA obligates Triboro to submit remittance reports to the Funds, listing the monthly hours worked by Triboro employees. (Compl. ¶ 13.)  As fiduciaries to the Funds, plaintiffs may bring any action to

---

[1] The following undisputed facts are taken from plaintiffs' Complaint, plaintiffs' motion for default judgment, and the documentary evidence attached thereto.
[2] The court's citations to the affidavit in support of plaintiffs' motion for entry of default judgment correspond to the page numbers automatically generated by the court's electronic filing system.

enforce the terms of the CBA against delinquent employers and to recoup from those employers unpaid contributions, interest on those unpaid contributions, liquidated damages, and attorney's fees and costs. (*See* Compl. ¶¶ 4, 10; Pls.' Aff. at 58-93.)

In their Complaint, plaintiffs allege that Triboro violated ERISA and the CBA by failing to make required monthly contributions to the Funds between February 2010 and December 2011.[3] (Compl. ¶¶ 14-21.)  In their motion for entry of default judgment, plaintiffs further maintain that Triboro failed to remit the required monthly contributions to the Funds between January 2012 and May 2012.[4] (Pls.' Aff. at 3-4; Pls.' Damages Statement at 1.)

---

[3] In their motion for entry of default judgment, plaintiffs no longer appear to request damages relating to Triboro's unpaid contributions between February 2010 and December 2011. (*See* Pls.' Aff. at 3-4; Pls.' Damages Statement at 1.)  As such, the court will not consider awarding damages to plaintiffs for that time period.

[4] Plaintiffs' default motion seeks recovery of damages relating to unpaid contributions that accrued during the pendency of this action, between January 2012 and May 2012. (*See* Pls.' Aff. at 3-4; Pls.' Damages Statement at 1.)  Federal Rule of Civil Procedure 54(c) generally limits a plaintiff's recovery to the relief sought in the Complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").  As such, damages that accrued during the pendency of the litigation can be awarded only if the Complaint put the defendant on notice that plaintiffs may seek additional damages for contributions that became due and owing during the pendency of this action. *See Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Daniel Weintraub & Assocs., Inc.*, No. 04-CV-2611, 2007 WL 4125453, at *5 (E.D.N.Y. Nov. 16, 2007); *Ames v. STAT Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y. 2005).  Here, the Complaint specifically states that: "Plaintiffs also preserve their right to amend the exact amount of delinquent contributions sought as well as recover any and all delinquent contributions owed, which accrue during this action's proceedings, plus interest thereon, at the time of final judgment." (Compl. ¶ 22.)  Moreover, in its prayer for relief, the Complaint requests the court to "[o]rder Defendant to pay any and all delinquent contributions owed to the Funds *at the time of final judgment*." (*Id.* at p.5 (emphasis added).)  Thus, the court finds that defendant has been

## II.  Procedural History

Plaintiffs filed this action on January 13, 2012, and properly served defendant with a Summons and the Complaint on January 17, 2012. (*See generally* Compl.; Affs. of Serv. of Summons and Compl. on Triboro.)  At plaintiffs' request, the Clerk of the Court entered default against defendant on June 18, 2012. (ECF No. 4, Pls.' Request for Cert. of Def. filed 6/18/12; ECF No. 5, Clerk's Entry of Def. dated 6/18/12.)  On June 19, 2012, plaintiffs moved for entry of default judgment against defendant. (*See* ECF No. 6, Pls.' Mot. for Def. Judgment ("Pls.' Mot."); ECF No. 7, Cert. of Serv. of Pls.' Mot.)  In support of their default judgment motion, plaintiffs submitted the attorney affidavit of David Ofenloch, Esq., a copy of the CBA, and copies of the Funds' respective Agreements and Declarations of Trust (the "Trust Agreements"). (*See generally* Pls.' Aff.)

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55, a movant must complete a two-step process to obtain a default judgment. *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011); *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 346-47 (E.D.N.Y. 2009).  First, the Clerk of the Court must enter default "[w]hen a party against

---

given sufficient notice that it could be held liable for damages relating to unpaid contributions that became due after the filing of the Complaint.

5

whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).  Second, upon the Clerk's entry of default, the movant "may then make an application for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)." *Rodriguez*, 284 F. Supp. 2d at 123.  "'The court is to exercise sound judicial discretion' in determining whether the entry of default judgment is appropriate." *Trs. of Local 7 Tile Indus. Welfare Fund v. City Tile, Inc*., No. 10-CV-322, 2011 WL 917600, at *1 (E.D.N.Y. Feb. 18, 2011) (quoting *Badian v. Brandaid Commc'ns Corp.,* No. 03-CV-2424, 2004 WL 1933573, at *2 (S.D.N.Y. Aug. 30, 2004)), *adopted by* 2011 WL 864331 (E.D.N.Y. Mar. 10, 2011).  "In evaluating a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), the [c]ourt must accept as true the well-pleaded allegations in the complaint," except those relating to damages. *Id.* at *2 (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 154–55 (2d Cir. 1999)).

        Here, the Clerk of the Court entered a default against defendant on June 18, 2012, and plaintiffs thereafter filed the instant motion for entry of default judgment.  To date, defendant has not appeared in this action and has failed to answer the Complaint or oppose plaintiffs' default motion.

Consequently, plaintiffs have completed the necessary steps to obtain a default judgment. *See Bricklayers Ins. & Welfare Fund v. David & Allen Contracting, Inc.*, No. 05-CV-4778, 2007 WL 3046359, at *2 (E.D.N.Y. Oct. 16, 2007) ("In civil actions, when a party fails to appear after given notice, the court normally has justification for entering default.") (citing *Bermudez v. Reid,* 733 F.2d 18, 21 (2d Cir. 1984)).

## I.  Liability

Defendant's default in this case, however, "does not necessarily conclusively establish . . . defendant's liability." *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Philip Gen. Constr.*, No. 05-CV-1665, 2007 WL 3124612, at *3 (E.D.N.Y. Oct. 23, 2007).  As such, this court "must still determine whether . . . plaintiff[s] [have] stated a cause of action" under ERISA and the Taft-Hartley Act in their Complaint. *Bd. of Trs. of the UFCW Local 174 Pension Fund v. Jerry WWHS Co.*, No. 08-CV-2325, 2009 WL 982424, at *3 (E.D.N.Y. Apr. 10, 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *Philip Gen. Constr.*, 2007 WL 3124612, at *3 ("Nevertheless, '[e]ven after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" (alteration in original)

(quoting *In re Wildlife Ctr., Inc.*, 102 B.R. 321, 325 (Bankr. E.D.N.Y. 1989))).

The Taft-Hartley Act "vests the [c]ourt with jurisdiction over civil actions for violations of contracts between an employer and a labor organization that affect commerce." *City Tile, Inc.*, 2011 WL 917600, at *1 (citing 29 U.S.C. § 185). Likewise, "ERISA vests the court with jurisdiction over civil actions brought by fiduciaries of employee benefit plans to enforce provisions of such plans." *Id.* (citing 29 U.S.C. §§ 1002(21), 1002(37); 1132(d)(1)). Under ERISA, contributions due to an employee benefit fund under a CBA must be made according to the terms of the CBA. *See* 29 U.S.C. § 1145; *see City Tile, Inc.*, 2011 WL 917600, at *1.

Here, the Complaint alleges that Triboro, an employer affecting commerce, and the Union are parties to a CBA obligating Triboro to remit certain contributions to the Funds, which are multiemployer benefit plans within the meaning of ERISA. (Compl. ¶¶ 4-8.) The Complaint further alleges that Triboro failed to make such contributions as required under the CBA. (*Id.* ¶¶ 13-21; Pls.' Aff. at 3-4.) Finally, the Complaint alleges that plaintiffs are fiduciaries of the Funds and are therefore authorized to file suit to recover delinquent contributions from defendant. (Compl. ¶¶ 4, 10.) Taken together, plaintiffs' allegations suffice to establish

8

defendant's liability under the Taft-Hartley Act and ERISA between January 2012 and May 2012.[5] *See Labarbera v. Frank J. Batchelder Transp. LLC*, No 08-CV-3387, 2009 WL 240521, at *3 (E.D.N.Y. Feb. 2, 2009) (finding liability based on allegations that defendant was party to collective bargaining agreement and failed to make timely contributions to union employee benefit funds as required under the agreement).  Accordingly, the court grants plaintiffs' motion for entry of default judgment as to liability.

## II.  Damages

"Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not." *Id.* (citing *Alcantara,* 183 F.3d at 155).  Rather, the court "must conduct an inquiry to ascertain the amount of damages with reasonable certainty." *Id.* (citing *Alcantara*, 183 F.3d at 155).  In conducting a damages inquiry, the court need not hold a hearing "'as long as it [has] ensured that there [is] a basis for the damages specified in the default judgment.'" *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting

---

[5] As noted previously, the Complaint preserves plaintiffs' right to "amend the exact amount of delinquent contributions sought" and to "recover any and all delinquent contributions owed, which accrue during this action's proceedings, plus interest thereon, at the time of final judgment." (Compl. ¶ 22.)  Exercising that right in their default motion, plaintiffs allege that defendant failed to remit contributions under the CBA between January 2012 and May 2012 and seek recovery for that period only. (Pls.' Aff. at 3-4.)  The court therefore finds that plaintiffs have established liability for the period of January 2012 through May 2012.

*Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). Thus, "[e]ven in the absence of a hearing, . . . the district court cannot simply rely on the plaintiff's statement of damages." *House v. Kent Worldwide Mach. Works, Inc.,* 359 F. App'x 206, 206 (2d Cir. Jan. 4, 2010) (summary order) (citing *Transatlantic Marine Claims Agency, Inc.*, 109 F.3d at 111). "Proof of damages must therefore be based on admissible, authenticated evidence." *Bd. of Trs. of the United Union of Roofers v. Dana Restoration, Inc.*, No. 09-CV-1076, 2010 WL 3925115, at *2 (E.D.N.Y. Sept. 14, 2010) (citing *House*, 359 F. App'x at 206), *adopted by* 2010 WL 3909232 (E.D.N.Y. Sept. 29, 2010).

In support of their request for unpaid contributions, liquated damages, and interest, plaintiffs submit the affidavit of David Ofenloch, Esq., counsel of record. (*See generally* Pls.' Aff.) Attached to Mr. Ofenloch's affidavit are copies of the applicable Trust Agreements and the CBA, which set forth Triboro's contribution obligations to the Funds. (*Id.* at 23-93.) Although Mr. Ofenloch avers that Triboro failed to remit required contributions between January and May 2012, the affidavit and appended documentary evidence are insufficient to establish plaintiffs' damages.

First, in their motion for default judgment, plaintiffs fail to articulate the method by which the unpaid

contributions were calculated or estimated and do not submit any
documents to substantiate the amount of delinquent contributions
alleged in Mr. Ofenloch's affidavit.  Second, although Mr.
Ofenloch affirms that he is "familiar with the facts of this
case," (*id.* at 1), he does not state that he reviewed any
remittance reports for the relevant delinquency periods, any
notices or correspondence sent to defendant regarding the
alleged unpaid contributions, audit reports conducted by the
Funds, or other records potentially relevant to the amount of
estimated unpaid contributions set forth in his affidavit.  Nor
does Mr. Ofenloch allege that he is the custodian of any records
regarding plaintiffs' purported damages.  In fact, there is no
indication that Mr. Ofenloch's "conclusory statements [regarding
plaintiffs' damages] are based on [his] first-hand knowledge or
such other source such that the contents of such statements
would be admissible in evidence." *Laborers' Local Union No. 91
Welfare Fund v. Danco Constr., Inc.,* No. 94-CV-318, 1996 WL
189510, at *1 (W.D.N.Y. Apr. 17, 1996).  Thus, Mr. Ofenloch
"makes assertions about what amounts are owed, but provides no
support . . . for those statements." *Bricklayers Ins. & Welfare
Fund*, 2007 WL 3046359, at *4.  Such unsupported and conclusory
assertions are inadequate to establish damages.  Indeed, "[t]he
absence of an affidavit by a person with actual knowledge of the
facts, supported by appropriate documentation, deprives the

court of the ability to make an independent assessment of the damages to be awarded" at this time. *Id.* at *5; *see also Danco Constr., Inc.,* 1996 WL 189510, at *1 (holding that conclusory statement regarding unpaid contributions is insufficient proof of delinquent ERISA contributions).  Accordingly, the court denies plaintiffs' application for damages without prejudice to renew upon submission of proper documentation.

**III. Attorney's Fees and Costs**

Having denied plaintiff's request for damages without prejudice, the court will postpone consideration of plaintiffs' application for attorney's fees and costs pending the submission of an updated attorney affidavit regarding services rendered in the re-filing of plaintiffs' motion for damages.  Plaintiffs shall direct the updated attorney affidavit and supporting documentation to the undersigned's chambers.

**CONCLUSION**

For the foregoing reasons, the court grants plaintiffs' motion for entry of default judgment against defendant as to liability, denies plaintiffs' application for damages without prejudice, and postpones consideration of plaintiff's request for attorney's fees and costs.  Upon the submission of proper documentation, the court will conduct an inquest on plaintiffs' damages and determine the amount of

reasonable attorney's fees and costs to which plaintiffs are entitled.

Plaintiffs are directed to serve a copy of this Memorandum and Order on defendant and file a declaration of service by February 27, 2013.

**SO ORDERED.**

Dated:     February 24, 2013
           Brooklyn, New York
                              _____/s/_____
                              **KIYO A. MATSUMOTO**
                              United States District Judge
                              Eastern District of New York

13